UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00527

**John DeYoung et al.,**
*Plaintiffs,*
v.
**Dillon Logistics, Inc. d/b/a Dillon Transport et al.,**
*Defendants.*

### ORDER

Before the court is defendant Antony Marcel Hines's motion for partial summary judgment. Doc. 102. Hines argues that he is entitled to summary judgment on plaintiffs' gross negligence claims because "his conduct does not rise to the heightened threshold required to establish gross negligence as a matter of law." *Id.* at 4. Hines's reply (Doc. 109) also makes various evidentiary objections, which will be resolved in turn.

### I.   Background

This case arises from a traffic accident on the evening of March 12, 2019. Hines was driving on I-20 in Van Zandt County, Texas, as a commercial truck driver for defendant Dillon Logistics, Inc. Hines encountered a traffic stop, braked, and collided with a vehicle driven by Kimberly DeYoung. The accident resulted in Ms. DeYoung's death.

Defendants removed to federal court on November 6, 2019. Doc. 1. Since then, plaintiffs developed a theory for their gross negligence claim that is predicated on Mr. Hines's alleged phone use while driving. Plaintiffs' gross negligence claim relies on two expert reports, phone records, an accident reconstruction, and evidence of training Hines received as an employee of his codefendants.

In discovery, defendant Dillon produced a screenshot of its electronic Omnitracs system, which shows the "Hard Braking Incident Details" recoded from the Dillon truck Hines was

driving at the time of the accident. Doc. 105-1. According to the deposition of a Dillon representative, this report is triggered by a "sudden deceleration." 105-2. In this case, Hines pressing on the breaks. *See id.*

Plaintiffs argue that disputed cellphone records, when combined with the expert testimony of accident reconstructionist Irwin, show that Hines made two outgoing calls around the time of the time of the accident. *See* Doc. 105-3; 105-4 at 15. The same disputed expert testimony purports to show that there were approximately 19 seconds between when Hines would have first been able to see the line of stopped or stopping cars on I-20 and the time of the crash itself. Doc. 105-5 at 53:18-53:25. Irwin reached the conclusion that Hines did not start braking or evasive steering until two seconds before the wreck. *Id.* at 58:22-59:11.

Irwin also indicates that scientific analysis can establish a four-minute window in which the crash occurred as compared to the phone logs. *Id.* at 22:05-23:10. He also indicates that the crash could have occurred when one call from Hines's phone was ending or when Hines was making two outgoing calls. *See* 105-4 at 16, n.16; 16-17, n.17.

The plaintiffs also rely on a comparison of Hines's phone records and his electronic driving logs. One of plaintiff's exhibits indicates that in the one hour and 57 minutes leading to the accident, that Hines received 29 text messages, sent 24 messages, and engaged in four phone conversations—two of which were purportedly over 25-minutes long. Doc. 105-6 at 16. Portions of the expert reports also show prior phone use on dates before the accident. *See id.* at 12.

## II. Standards

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Tiblier v. Dlabal*, 743 F.3d 1004,

1007 (5th Cir. 2014). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Finally, and especially relevant to this case, on a motion for summary judgment, the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial." *Bellard v. Gautreau*, 675 F.3d 454, 460 (5th Cir. 2012).

### III.  Analysis
#### A.) Evidentiary objections

Hines objects to Exhibits 3, 9, 11, and 12 attached to plaintiffs' response on the grounds that they contain unauthenticated hearsay. Doc. 109 at 5. Hines also objects to excerpts from the expert reports and the use of Hines's cellphone records.

In evaluating a summary judgment motion, the court has flexibility regarding the evidence that may be used. *See* Charles Wright et al., 10A *Federal Practice & Procedure* § 2721 (4th ed., October 2020 update) (hereinafter "Wright & Miller"). The Federal Rules of Civil Procedure provide that a party may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). This list is not exhaustive. *See* Wright & Miller § 2722. A party may rely on materials that would be admissible or usable at trial. *See id.* § 2721 (citing to *Olympic Ins. Co. v. H.D. Harrison, Inc.*, 418 F.2d 669 (1969), among others). And, as the advisory committee's notes for the 2010 amendment to Rule 56(c) make clear, the "burden is on the proponent to show that the material is admissible as presented to explain the admissible form that is anticipated."

### i.)   Exhibits 3, 9, 11, and 12

Exhibit 3 represents AT&T's response to a deposition on written questions (DWQ) and accompanying subpoena duces tecum. *See* Doc. 105-3. It purportedly shows excerpts from Hines's cellphone records. As argued by plaintiffs, the DWQ establishes that these cellphone records are kept in the regular course of business, made at or near the time of the events they describe, and made by persons with knowledge of the information contained therein. *See* Doc. 110 at 6-7. Therefore, exhibit 3 is admissible under the business record exception to the hearsay rule. Fed. R. Evid. 803(6). Upon the court's examination of the exhibit, and in the absence of a counterargument from defendant Hines, the court finds that the objection to exhibit 3 is **overruled**.

Plaintiffs have represented that exhibit 9 contains two slides from one of defendant Dillon's training videos. *See* Doc. 105 at 10, n.27. One slide reads: "[r]esearch shows that texting motorists take their eyes from the road for nearly five seconds, enough time to cover a football field at highway speeds." Doc. 105-9 at 1. The other slide says: "CMV drivers who text are far more likely to get into a crash or near-crash than drivers not texting." *Id.* at 2. In Hines's reply, he objects that the exhibit is unauthenticated hearsay. *See* Doc. 109 at 5. Plaintiffs' sur-reply does not respond to Hines's objection. For the purposes of resolving this motion, the court will not consider exhibit 9. *See also* Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment ("The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.").

Exhibit 11 is purportedly a "spreadsheet showing the time and subject matter of training undergone by Dillon employees." Doc. 110 at 3. Hines objected that the document is unauthenticated hearsay. *See* Doc. 109 at 5. Plaintiffs argue that "it was produced by Dillon in response to disclosures" and that "Dillon employees can thus authenticate the documents and establish their existence as business records." Doc. 110 at 3. The court agrees that exhibit 11 can be presented in a form

that would be admissible, either through the business records exception or another means. *See, e.g.*, *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 562 (5th Cir. 1998) (no abuse of discretion where a district court held that a document produced by one party was properly authenticated). This objection is **overruled**.

Exhibit 12 appears to be an email from John D. Furman, a Dillon employee whose signature block indicates that he is "Field Safety Supervisor[,] Southeast Region[,] Dillon Logistics, Inc." Doc. 105-12. A highlighted portion of the exhibit reads "Morehead/Wilmington's 4th quarter safety meeting was completed on Saturday 12-8-2018. Discussions were on 1. Districted Driving, Fatigued Driving, Cell Phone use." *Id.* The email then lists the participants at the safety meeting, including "Anthony Hines." *Id.* Again, Hines's blanket objection is that this exhibit is unauthenticated hearsay. *See* Doc. 109 at 5. He did not flesh out any argument for why the email would not fit within the business records exception or another exception. Plaintiffs argue that:

> On its face, the email says that Hines received distracted driver and cellphone training, and the signature block indicates that it was sent by Dillon's Safety Supervisor for the Southeast Region. Again, this is [a] Dillon business document talking about Dillon business matters. It stretches credulity to think that Plaintiffs could not authenticate this document or establish it as a business record at trial.

Doc. 110 at 3.

While the law is in a state of development around the admissibility of emails, the case law indicates that these emails can be provided in a form that would be admissible at trial, most likely under the business records exception. With respect to the business records exception, there is "no requirement that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy." *U.S. Commodity Futures Trading Com'n v. Dizona*, 594 F.3d 408, 415 (5th Cir. 2010) (quoting *United States v. Brown*, 553 F.3d

- 5 -

768, 792 (5th Cir. 2008)). Instead, a "qualified witness is one who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met." *Id.*[1] In the case at bar, the court finds that exhibit 12 could be presented so that it would be admissible or usable at trial. *See* Wright & Miller § 2721 (citing to *Olympic Ins. Co. v. H.D. Harrison, Inc.*, 418 F.2d 669 (1969), among others). Defendants' objection to exhibit 12 is therefore **overruled**.

### ii.) Exhibits 4 and 6, expert reports

Hines objects to exhibits 3 and 6—the expert reports of Jimmy Sill and Andy Irwin respectively—on the grounds that they "are not sworn to, otherwise made under the penalty of perjury, and cannot be presented in a form that would be admissible as evidence." Doc. 109 at 5 (citing *Smith v. Palafox*, 728 F. App'x 270, 275-76 (5th Cir. 2018), among others). The plaintiffs argue that the experts "can testify at trial to things that appear verbatim in their reports." Doc. 110 at 3.

The court has examined Hines's cited authority and determined that the relevant cases are inapposite. Hines cites to *Smith v. Palafox*, a Fifth Circuit case in which the panel held that a district court did not abuse its discretion in finding that an expert report was improper summary judgment evidence. *See* 728 F. App'x at 275-76. It is true that the district court and the Fifth Circuit emphasized that the expert reports were unsworn. *See id.* But the court emphasized that the proponent of the expert report did "not explain how the report could be reduced to admissible evidence at trial." *Id.* at 275.

Rule 56 of the Federal Rules of Civil Procedure was amended in 2010.[2] "Prior to that date, generally, an unsworn

---

[1] *See also Conoco v. Dept. of Energy*, 99 F.3d 387, 391 (Fed. Cir. 1996) (explaining that "as long as the witness understands the system used to prepare the records," the witness is qualified to lay the foundation for the admission of records under Rule 803(6)).

[2] *See* Wright & Miller § 2722:

> Prior to its amendment in 2010, Rule 56 required that a sworn or certified copy of any document referred to in an affidavit be attached to the affidavit. Indeed, it was recognized that an exhibit

expert report was not competent evidence for summary judgment motions." *Pruitt v. Alamosa County Sheriff's Office*, 18-cv-01765-RM-KMT, 2020 WL 3971651, \*6 (D. Colo. July 14, 2020). In the aftermath of the amendments, courts have "reached varying conclusions" as to whether unsworn expert reports are competent summary judgment evidence. *See id.* This court, and the others who have interpreted *Palafox*, have concluded that the Fifth Circuit has relaxed the pre-2010 rule. *See id.* (citing *Palafox*, 728 F. App'x at 275-76); *REC Marine Logistics, LLC v. Richard*, 470 F. Supp. 3d 606, 612 n. 23, n.28 (E.D. La. 2020) (disallowing one declaration under *Palafox* but finding that an expert report was competent evidence because it could be authenticated at trial); *Wyatt v. Nissan North America, Inc.*, 3:17-cv-1545, 2019 WL 6682197, at \*9 (M.D. Tenn. Dec. 6, 2019) (citing *Palafox* and musing that "[t]heoretically, Plaintiff here could attempt to explain how her hearsay testimony . . . could be admissible"). In the Fifth Circuit a district court may consider unsworn expert reports if the proponents provide a method for presenting them as admissible evidence.

Here, the plaintiffs have satisfied their burden by proposing that the experts will testify at trial to their reports. The court is satisfied that the expert reports can be presented in a form that would be admissible.[3] Therefore, this objection is **overruled**.

---

could be used on a summary-judgment motion only if it were properly made part of an affidavit . . . . However, when the rule was amended in 2010, the rulemakers omitted these specific requirements, and simply added to the list of appropriate materials 'documents.' As explained in the Committee Note, the requirements were viewed 'as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record.' Thus, although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible, the material may be presented in a form that would not, in itself, be admissible at trial.").

[3] Hines's reply also urges the court to exclude Sill's report by reference. *See* Doc. 109 (citing Doc. 104). Because the court has dealt with those arguments by separate order, it sees no reason to repeat them here. *See*

### iii.) Evidence regarding prior cell phone usage

Finally, Hines objects to plaintiffs' evidence regarding his cellphone usage. *See* Doc. 109 at 6. Hines argues that this evidence is precluded by Federal Rule of Evidence 404, which prohibits the use of a person's character or character trait "to prove that on a particular occasion the person acted in accordance with the character or trait" or that any other act "to show that on a particular occasion the person acted in accordance with the character." At the same time, Hines argues that the plaintiffs have not put forward enough evidence to establish a habit of cellphone usage while driving. *See id.*

Rule 404 "embodies the well-settled principle" that character evidence is inadmissible because "such evidence is of slight probative value yet very prejudicial." *Reyes v. Missouri Pac. R. Co.*, 589 F.2d 791, 793 (5th Cir. 1979). In contrast, Rule 406 allows for the introduction of "evidence of the habit of a person for the purpose of proving that the person acted in conformity with his habit on a particular occasion." Fed. R. Evid. 406. Courts deem habit evidence as being highly probative because "the uniformity of one's response to habit is far greater than the consistency with which one's conduct conforms to character or disposition." *Id.* (citation omitted).

Rule 703 provides that experts may form admissible opinions based on facts or information that otherwise would be inadmissible so long as other experts in the same field would rely on evidence of that type. Fed. R. Evid. 703. The court is satisfied that it can rely solely on the expert reports that analyze the phone records and, therefore, does not rule on this objection.

### B.) Merits

There are two elements to a gross negligence claim:

- Viewed objectively from the actor's standpoint, the act or omission complained of must involve an

---

Doc. 130 at 5 ("In short, the court is not convinced that any portion of Sill's report should be excluded.").

> extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
> - The actor must have actual, subjective awareness of the risk involved, but nevertheless proceed[s] in conscious indifference to the rights, safety, or welfare of others.

*Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001) (citing *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994)). Under the first, objective element, an extreme risk is "not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 921 (Tex.1998). Under the subjective element, "actual awareness means the defendant knew about the peril, but its acts or omissions demonstrated that it did not care." *Id.* Circumstantial evidence may suffice to prove either element. *Id.*

In reliance on his evidentiary arguments, Hines argues that Texas courts have "repeatedly made clear that whether a driver is operating a car or truck, acts that support a finding of ordinary negligence, such as a party's failure to obey traffic laws, will not support a finding of gross negligence." Doc. 102 at 5 (citing *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 656 (S.D. Tex. 2016)). Plaintiffs argue that Hines "conveniently leaves the evidence of his cellphone abuse out of his motion." Doc. 105 at 3.

The experts have indicated that Hines used his phone around the time of the accident. *See, e.g.* Doc. 105-3; 105-4 at 15. One expert concluded that it "was probable that [Hines] was on his cell phone at or near the time of the accident." Doc. 104-2 at 16:7-9. In a deposition, one of the experts said that:

> Based on [my] observations, Mr. Hines was a distracted driver. And in my opinion, based on the amount of texts and calls that he had been receiving and working with while he was in operation, it is my opinion that it was his cell phone use or the distraction of the handheld device that caused him not to be able to react appropriately.

Doc. 106-1 at 9:16.

In a similar case, this court wrote that "driving an eighteen-wheeler while talking on a cellular telephone entails inherent risks, including the likelihood of serious injury to other drivers." *Braun v. Clean Harbors Environmental Services, Inc.*, 1:14-CV-524, 2016 WL 7551118 at *4 (E.D. Tex. Jan. 25, 2016). The court relied on a somewhat similar case, *Montgomery v. State*. 369 S.W.3d 188, 191 (Tex. Crim. App. 2012). *Montgomery*, although a criminal case, stands for the proposition that "a jury may consider whether cell phone usage while driving creates unsafe driving conditions that involve an extreme degree of risk of which the driver is subjectively aware." *Braun*, 2016 WL 7551118, at *5. Evidence of cell phone usage while driving "could lead a jury to conclude objectively that Molitor's conduct created an extreme degree of risk and subjectively that Molitor knew of the risk involved but engage in the behavior nonetheless." *Id.* The court finds the *Braun* case persuasive and holds--on the basis of the evidence in the record--that plaintiffs have satisfied the objective prong of the gross negligence analysis. The court notes, under the reasoning of *Braun*, that the training discussed in the record is strong evidence of Hines's awareness of the risk.

Having ruled on Hines's evidentiary objections, Hines's summary judgment arguments are untenable. Plaintiffs offered evidence that Hines was using his cell phone during the accident and that Hines had previously received training materials from his codefendants regarding the potential risks of driving while using a cell phone. This evidence could lead a reasonable jury to conclude objectively that Hines's conduct created an extreme degree of risk and subjectively that Hines knew of the risk involved but nonetheless engaged in the behavior. *See id.* at **4-6.

### IV. Conclusion

The court holds that plaintiffs have created a genuine issue of material fact concerning both required elements:

- that, viewed objectively from Hines's standpoint, his conduct involved an extreme degree of risk,

    considering the probability and magnitude of the potential harm to others, and,

- that Hines had actual, subjective awareness of the risk involved, but nonetheless proceeded in conscious indifference to the right, safety, or welfare of others.

*See Perez Librado v. M.S. Carriers, Inc.*, 3:02-CV-2095-D, 2004 WL 1390304 at *3 (N.D. Tex. Jun. 30, 2004). Therefore, Hines's motion for summary judgment is **denied**.

*So ordered by the court on February 5, 2021.*

                               J. CAMPBELL BARKER
                               United States District Judge